**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Shurmale L. Garner, | : | Case No. 1:09CV0874 |
| | : | |
| Petitioner | : | Judge James S. Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Rich Gansheimer, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION**[1] |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his December 15, 2006 conviction pursuant to a jury trial of one count of trafficking in cocaine and one count of possession of cocaine, upon which he is serving concurrent sentences of ten years incarceration on each count, each of which included major drug offender specifications, upon which he was sentenced to concurrent three year terms on each specification, with the specifications to run consecutive to the sentences on the primary counts, for a total of thirteen years incarceration.

On March 5, 2007 petitioner, acting through new counsel, appealed his convictions to the Ohio Eleventh District Court of Appeals, alleging four assignments of error:

_____

[1]Petitioner was granted leave to respond to the Return of Writ by November 13, 2009.  he did not do so.

I.    The trial court erred and violated the defendant's Fourteenth
      and Fifth Amendment constitutional rights when it denied his
      motion to suppress his statements to the Willoughby Hills
      Police Department.

II.   The trial court erred to the prejudice of the defendant when it
      overruled his criminal Rule 29 motion for dismissal at the close
      of the State's case.

III.  The trial court erred and violated the defendant's Sixth
      Amendment right to an impartial jury after polling the jury and
      accepting a verdict contrary to law.

IV.   The trial court erred and violated the defendant's Fourteenth
      Amendment and Sixth Amendment rights to an impartial jury
      when it sentenced him to a more than mandatory sentence due
      to the major drug offender specifications.

Nearly eight months later, on October 29, 2007, the petitioner filed a *pro se* motion for

leave to file eight supplemental assignments of error, as well as a brief detailing the assignments

of error.

On November 5, 2007 that court, addressing (and rejecting) only the four assignments of

error articulated in petitioner's initial appellate filing affirmed the judgment of conviction and

sentence.  On December 13, 2007 the appellate court denied as moot petitioner's motion for leave

to file supplemental assignments of error, and ordered the accompanying brief stricken from the

record.  Petitioner challenged that ruling by filing, on December 20, 2007, a motion for judicial

notice.  On January 2, 2008 the appellate court held that the motion for judicial notice would be

deemed as a motion for reconsideration, and denied the motion.  On February 15, 2008 petitioner

followed with another motion seeking a ruling on his attempt to file supplemental assignments of

error, which was again denied as moot on April 15, 2008.

Eight months later, the petitioner filed *pro se* a notice of appeal with the Ohio Supreme

Court, along with a motion for leave to file a delayed appeal.  The notice bears multiple date stamps on the front page, including three indicating that the notice had been "Received," bearing the dates December 8, December 17 and December 30, but only one stamped "Filed," bearing the date December 30, 2008.

On February 18, 2009 the state supreme court denied petitioner's motion for delayed appeal and dismissed his appeal.

On April 16, 2009 (it was executed on April 1, 2009)  the petitioner filed the instant *pro se* petition, in which he raises the following four claims for relief:

> **A.  GROUND ONE:** The trial court erred in denying motion to suppress evidence obtained under illegal searches & seizures in violation of Appellant rights under Fourth, Fifth & Fourteenth amendment to U.S. Constitution and Article 1 Section 14 of Ohio Constitution.
>
> **Supporting FACTS:** Under inevitable discovery exception to search & seizure warrant requirement, evidence obtained in violation of constitutional [sic] may be admitted at trial only if it can be shown that evidence would have been ultimately or inevitably discovered during lawful investigation. Without a showing of inevitable discovery exception and no probable cause to arrest plaintiff [sic], no reasonable jury would have found plaintiff [sic] guilty of the charges, when Plaintiff [sic] was a passenger in the automobile driven by co-defendant.
>
> **B.  GROUND TWO:** The trial court denied Petitioner Due Process and equal protection in violation of 6th and 14th Amendment.
>
> **Supporting FACTS:** The record shows that Defendant repeatedly asked that he be his own lawyer because his Court appointed counsel will not act in his interest.  This right is constitutionally protected and can only be waived by the Defendant when invoked. The court shall honored [sic] the requests provided Defendant is not mentally ill.
>
> **C.  GROUND THREE:** Mr. Garner was denied a Fair trial in violation of 5th and 14th Amendment of the United States Constitution where there was jury tampering.
>
> **Supporting FACTS:** The record support [sic] an evidence of jury

3

tampering where a state key witness have [sic] an unlawful contact with member of the sitting jury which resulted in the sitting of bias jury.  To the prejudice of Defendant [sic] case to be free of partial juror.

**D.  GROUND FOUR:** Mr. Garner was denied effective assistance of counsel where counsel failed to propose jury instructions and object to (1) material element of aggravated drug trafficking (2) reasonable doubt.

**Supporting FACTS:** The juror's [sic] were mislead by the trial court instruction on the definition of "reasonable doubt" instruction on major drug offender specification and aggravated element of the offense of trafficking in drugs.  Garner would not have been found guilty in the absence of ineffective assistance of counsel.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 (d)(1) provides in part that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.

Section 2244(d)(2) further specifies: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  In order for a pleading to have been "properly filed" as contemplated by this section, its delivery and acceptance must have been in accordance with the state laws and ruling governing such filings, including the requirements for timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Artuz v. Bennett, 531 U.S. 4, 8 (2000);  Walker v. Smith, 360 F.3d 561, 563 (6th Cir. 2004). However, once that time period is expired it cannot be revived by the filing of state collateral

review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In the present case petitioner's conviction became final on December 21, 2007, 45 days after the appellate court's November 5, 2007 decision on direct appeal, as that was the date by which petitioner would have had to file his appeal of that decision to the Ohio Supreme Court. Ohio Supreme Court Rule II, §2(A)(1). Having failed to file such appeal petitioner's conviction became final, and the statute of limitations began to run. It ran for a year, and expired on December 21, 2008.

Petitioner's state court motions, including his motions for leave to file supplemental assignments of error, motion for judicial notice pertaining to the denial of his attempts to supplement his pleadings, and a petition for writ of mandamus to order the appellate court to accept his supplemental assignments of error, filed during that one year period did not toll the AEDPA limitations period, as none of those actions sought collateral review of the underlying conviction or sentence that resulted in petitioner's incarceration.

> "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for...collateral review of the judgment or claim." *Witkowski v. Vasbinder, No. 04-CV-74732-DT, 2006 U.S. Dist. LEXIS 13363, 2006 WL 618891, at \*4 (E.D.Mich. Mar. 9, 2006)* (unpublished) (quoting *Rodriguez v Spencer, 412 F.3d 29, 36 (1st Cir. 2005), cert. denied, 546 U.S. 1142, 126 S.Ct. 1151, 163 L.Ed.2d 1007 (2006)).* As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, *and must collaterally attack the relevant conviction or sentence." Id. (* citing *Sibley v. Culliver, 377 F.3d 1196, 1200 (11th Cir. 2004),* in turn citing *Voravongsa v. Wall, 349 F.3d 1, 6 (1st Cir. 2003), cert. denied, 541 U.S. 963, 124 S.Ct. 1724,*

*158 L.Ed.2d 407 (2004))* (emphasis added).  In other words, the application must seek "review" of the "judgment pursuant to which [the petitioner] is incarcerated" to trigger the applicability of *§2244(d)(2)'s tolling provision.  Id.; see also Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); Branham v. Ignacio, 83 Fed.Appx. 208, 209 (9th Cir. Dec. 11, 2003)* (not published in Federal Reporter), *cert. denied, 541 U.S. 1077, 124 S.Ct. 2423, 158 L.Ed.2d 990, (2004); Johnson v. Lewis, 310 F.Supp.2d 1121, 1125 (C.D.Cal. 2004).*

> ...[C]ourts have refused to extend the tolling provision set forth in *28 U.S.C. §2244(d)(2)* to mandamus petitions seeking to have state court take action on a matter, *Moore, 298 F.3d at 366-67; Webb v. Cason, No. 02-CV-72788-DT; 2003 U.S.Dist LEXIS 9681, 2003 WL 21355910, at *4 (E.D.Mich. May 30, 2003)* (unpublished), *aff'd, 115 Fed.Appx. 313 (6th Cir. Dec.17, 2004)* (not published in Federal Reporter), *cert. denied, 545 U.S. 1120, 125 S.Ct. 2919, 162 L.Ed.2d 305 (2005);* petitions for executive clemency under state law, *Malcolm v. Payne, 281 F.3d 951 (9th Cir. 2002)*; motions for evidentiary materials and transcripts filed with the court, *Lloyd v. VanNatta, 296 F.3d 630 (7th Cir. 2002), cert. denied, 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); Hodge v. Greiner, 269 F.3d 104, 107 (2nd Cir. 2001);* motions for appointment of counsel, *Voravongsa, 349 F.3d at 6-7*; and motions to correct the record, *Witkowski, supra, 2006 U.S. Dist. LEXIS 13363, 2006 WL 618891, at *4.*  Although this case poses a closer question, the Court similarly concludes that because petitioner's motions for judicial release did not seek collateral review of the underlying judgment or sentence that resulted in petitioner's incarceration, the statute of limitations was not tolled under *§2244(d)(2)* during the time they were pending in the state courts.

*Fleming v. Lazaroff, 2006 U.S.Dist. LEXIS 43911, 2006 WL 1804546 (S.D.Ohio June 28, 2006)* (footnote omitted); *see also Tomilson v. Lazaroff, 2008 U.S.Dist. LEXIS 54569, 2008 WL 2796549 (S.D. Ohio July 16, 2008)* (same).

6

<u>Baker v. Wolfe</u>, Case No. 2:07-CV-1059, 2008 U.S.Dist. LEXIS 86638 (S.Dist.OH 2008).

Petitioner's motion for leave to file a delayed appeal to the Ohio Supreme Court, upon which there were multiple date stamps on the front page, but only the one stamped "Filed," bearing the date December 30, 2008, could not toll the limitations period as the filing date of December 30, 2008 was after the limitations period had already expired.  Even if the court was to consider the earliest of the three "Received" dates, December 8, 2008, as the filing date, there would only have been a tolling from that date until February 18, 2009, the date upon which the supreme court denied him leave to file a delayed appeal.  Twenty-two days later the limitations period would have expired, six weeks before the filing date of the instant petition on April 1, 2009.

When the lack of tolling of the limitations period consequent to petitioner's state court filings is coupled with the failure of petitioner to convincingly establish extraordinary circumstances in support of equitable tolling, this petition must be deemed time-barred pursuant to 28 U.S.C. § 2244 (d)(1).  Therefore, this Court recommends that it be dismissed without further proceedings.

s/DAVID S. PERELMAN<br>United States Magistrate Judge

DATE:    November 30, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d

947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).