UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| SHURMALE L. GARNER, : | CASE NO. 1:09-CV-00874 |
| : |  |
| Petitioner, : |  |
| : |  |
| vs. : | ORDER & OPINION |
| : | [Resolving Doc. Nos. 1, 3, 11, 14, 19] |
| RICH GANSHEIMER, Warden, : |  |
| : |  |
| Respondent. : |  |
| : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 16, 2009, Petitioner Shurmale L. Garner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Garner filed an amended petition on May 19, 2009. [Doc. 3.] With his petition, Garner seeks relief from the judgment and sentence that an Ohio state court imposed following his conviction for possession of and trafficking in cocaine. [*Id.*] Respondent Warden Rich Gansheimer opposes the petition and moves to dismiss the petition as time-barred. [Doc. 11.]

On November 30, 2009, Magistrate Judge David S. Perelman filed a Report and Recommendation that recommended the Court dismiss the Petitioner's petition for a writ. [Doc. 14.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 19.] For the reasons provided below, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Garner's petition for a writ of habeas corpus.

Case No. 1:09-CV-874
Gwin, J.

## I. Background

In this habeas action, Petitioner Shurmale L. Garner challenges the constitutionality of his Ohio state court conviction and sentence under the Fourth, Fifth, Sixth and Fourteenth Amendments. The Respondent argues that the Garner's petition should be dismissed as time-barred.

On June 16, 2006, Petitioner Garner was indicted by a Lake County Grand Jury for one count of engaging in trafficking in cocaine and one count of possession of cocaine, each with a major drug offender specification, and one count of possession of criminal tools. [Doc. 11-1 at 1.] Represented by counsel, Petitioner Garner pled not guilty to all charges. [Doc. 11-1 at 5.] On December 15, 2006, a jury found Petitioner Garner guilty of the trafficking and possession of cocaine charges. [Doc. 11-1 at 7-8.]

On December 28, 2006, Garner's counsel filed a motion for a new trial, based on an alleged inconsistency in the jury's verdict. [Doc. 11-1 at 9-13.] On January 17, 2007, Petitioner Garner filed a pro se motion to suppress the cocaine he was convicted of trafficking and possessing, arguing that it was unlawfully seized pursuant in a *Terry* stop. [Doc. 11-1 at 33-40.] The trial court denied both of these motions and sentenced Garner to concurrent ten year terms on the trafficking and possession counts, with a consecutive three year term for the major drug offender specifications, for a total of thirteen years incarceration. [Doc. 11-1 at 44-46.]

On March 5, 2007, Petitioner Garner, through counsel, filed a notice of appeal to Ohio's Eleventh District Court of Appeals. [Doc. 11-1 at 48.] In his appellate brief filed June 7, 2007, Petitioner Garner made four assignments of error: (1) that the trial court erred when it denied his motion to suppress police statements; (2) that the trial court erred when it overruled his motion to dismiss at the close of the State's case; (3) that the trial court violated his right to an impartial jury

Case No. 1:09-CV-874
Gwin, J.

after polling and accepting a verdict contrary to law; and, (4) that the trial court violated his Sixth and Fourteenth Amendment rights when it sentenced him to more than the mandatory sentence due to the major drug offender specification. [Doc. 11-1 at 57-92.] The State filed an opposition brief on July 23, 2007. [Doc. 11-1 at 94.]

On October 29, 2007, Petitioner Garner filed a pro se motion for leave to file supplemental assignments of error, and contemporaneously filed a pro se brief with supplemental assignments of error. [Doc. 11-1 at 125, 127.] On November 5, 2007, the Eleventh District Court of Appeals rejected the four assignments of error in Garner's original appellate brief and affirmed the trial court's decision. [Doc. 11-1 at 186-205.] On December 13, 2007, the court overruled as moot Petitioner Garner's motion for leave to file a supplemental brief and struck the supplemental brief. [Doc. 11-1 at 206.]

On December 20, 2007, Petitioner Garner filed a motion, *pro se*, for judicial notice to protest the court's refusal to consider his supplemental brief. [Doc. 11-1 at 209.] The Court of Appeals issued an entry on January 2, 2008, explaining that it construed Petitioner Garner's December 20, 2007 motion as an application for reconsideration and subsequently overruled it. [Doc. 11-1 at 211-12.]

On February 15, 2008, Petitioner Garner moved to seek a ruling on the assignments of error from his supplemental brief filed October 29, 2007. [Doc. 11-1 at 213-15.] The Court of Appeals denied this motion as moot on April 15, 2008, pursuant to the court's previous January 2, 2008 judgment. [Doc. 11-1 at 216.] Garner apparently attempted to pursue a writ of mandamus to compel the appellate court to review his pro se brief, but the Supreme Court of Ohio denied this request. [*See* Doc. 1 at 3-4; Doc. 11 at 8.]

Case No. 1:09-CV-874
Gwin, J.

Petitioner Garner filed a pro se notice of appeal to the Ohio Supreme Court in December 2008. [Doc. 11-1 at 219.] The document bears several dates stamps–three indicate that it was "RECEIVED" on December, 3, 2008, December, 17, 2008, and December 30, 2008; and one indicates that it was "FILED" on December 30, 2008. [*Id.*] Garner simultaneously filed a motion for leave to file a delayed appeal with the Ohio Supreme Court. [Doc. 11-1 at 221-225.] The Ohio Supreme Court denied Garner's motion for a delayed appeal and dismissed his case on February 18, 2009. [Doc 11-1 at 269.]

On April 16, 2009, Petitioner Garner filed a *pro se* petition for a writ of habeas corpus in this Court. [Doc. 1.] Garner amended his petition on May 19, 2009. [Doc. 3.] In his petition, Garner alleges that: (1) the trial court erred in denying his motion to suppress, in violation of the Fourth, Fifth, and Fourteenth Amendments; (2) the trial court erred in denying Garner's request to represent himself in violation of the Sixth and Fourteenth Amendments; (3) he was denied a fair trial due to jury tampering when a key witness had unlawful contact with a member of the jury, in violation of the Fifth and Fourteenth Amendments; (4) his trial counsel was ineffective because she failed to propose jury instructions and to object to the definition of a material element of aggravated drug trafficking and reasonable doubt; (5) the composition of the Grand Jury was based on racial discrimination, in violation of the Firth Sixth, and Fourteenth Amendments; (6) Garner's Sixth and Fourteenth Amendment rights were violated where his counsel failed to move for dismissal based on his right to a speedy trial; (7) his conviction and sentence for trafficking and possessing cocaine violated the United States and Ohio Constitutions by subjecting him to double jeopardy; (8) the trial court erred in forfeiting his property and trial counsel was ineffective for failing to file a motion for return of property seized without a warrant; (9) the major drug offense specification sentence was

-4-

Case No. 1:09-CV-874
Gwin, J.

defective; and, (10) his thirteen year sentence was defective and must be vacated. [Doc. 1 at 2-5; Doc. 3 at 1-2.]

On October 9, 2009, Respondent Warden Rich Gansheimer filed a motion to dismiss the petition as time-barred. [Doc. 11.] Magistrate Judge David S. Perelman filed a Report and Recommendation on November 30, 2009, recommending that the Court grant the Respondent's motion and dismiss Garner's petition as time-barred pursuant to 28 U.S.C. § 2244(d). [Doc. 14.] On December 28, 2009, Petitioner Garner filed his "Objection to Report and Recommendation of Magistrate & Answer to Return of Writ (Traverse)," asking the Court to apply equitable tolling, to consider his petition on the merits, and to grant his petition for habeas corpus. [Doc. 19.] On January 5, 2010, Garner filed a notice of supplemental authority, asking the Court to take notice of a recent Sixth Circuit opinion. [Doc. 20.]

## II. Legal Standard

A. Federal Magistrates Act

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Here, Petitioner Garner objected to all of Magistrate Judge Perelman's recommendations, and this Court therefore reviews *de novo* the Report and Recommendation in its entirety.

B. The Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to only those claims in which a petitioner contends that he

-5-

Case No. 1:09-CV-874
Gwin, J.

is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Under the 'unreasonable application' clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Where a state court did not adjudicate a federal constitutional claim on the merits, however, AEDPA deference does not apply. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009); *Brown v. Smith,* 551 F.3d 424, 429 (6th Cir. 2008). In such cases, a federal court applies the pre-AEDPA standard of review and reviews questions of law *de novo* and questions of fact for clear error. *Evans,* 575 F.3d at 564; *Brown,* 551 F.3d at 430; *Maples v. Stegall,* 340 F.3d 433, 436 (6th Cir. 2003).

C.  Statute of Limitations

Case No. 1:09-CV-874
Gwin, J.

An application for writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year period, however, is tolled during the pendency of a properly filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2); *See Fitts*, 626 F. Supp. 2d at 727. "The tolling provision does not, however 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

### III. Analysis

Respondent Warden Gansheimer moves the Court to dismiss Garner's petition as time-barred because it was not filed within the one-year AEDPA statute of limitations period. In his Report and Recommendation, Magistrate Judge Perelman also recommends that the petition be dismissed as untimely filed. Petitioner Garner objects to the Magistrate Judge's recommendation, argues that his

Case No. 1:09-CV-874
Gwin, J.

petition should be considered timely filed, and asks the Court to apply equitable tolling. For the following reasons, the Court finds that Garner's petition was not timely filed and that equitable tolling does not apply.

A. Tolling of Statute of Limitations with Motions

Under AEDPA, a petitioner ordinarily has one year from the date his state court conviction becomes final in which to file a petition for habeas corpus. 28 U.S.C. § 2244(d)(1)(A).[1/] In this case, the statute of limitations for filing a petition for habeas corpus began to run once Garner's time to appeal the Ohio Appellate Court decision to the Supreme Court of Ohio expired. The Appellate Court issued its decision on Garner's direct appeal on November 5, 2007. Under the Ohio Supreme Court Rules, Garner then had forty-five days, or until December 21, 2007, to appeal this decision to the Ohio Supreme Court. Ohio S. Ct. R. II § 2(A)(1). The AEDPA statute of limitations then began to run on December 21, 2007. Garner filed several post-conviction motions in the Ohio courts. The Court will consider in turn whether any of these motions tolled the AEDPA statute of limitations.

*1. Motion to Reconsider*

Petitioner Garner filed a motion to reconsider the Ohio court of appeals' decision on December 20, 2007. [Doc. 11-1 at 209.] Under the Ohio Rules of Appellate Practice, this motion did not toll the statute of limitations to file an appeal to the Supreme Court of Ohio. Rule 26(A) of the Ohio Rules of Appellate Procedure states, "the filing of an application for reconsideration shall not extend the time for filing a notice of appeal in the [Ohio] Supreme Court." Thus, time expired on December 21, 2007 for filing an appeal to the Supreme Court of Ohio.

---

[1/]As discussed above, Section 2244(d) provides three situations in which the statute of limitations period may begin to run at a later date. None of these exceptions is applicable here. *See* Part III.B, *infra*.

-8-

Case No. 1:09-CV-874
Gwin, J.

There is some uncertainty as to whether a motion for reconsideration tolls the AEDPA statute of limitations. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *See Draughon v. DeWitt*, 2001 WL 840312 *1 (S.D. Ohio 2001); *See also*, *Boylen v. Hudson*, 2008 WL 3822291 *6 (N.D. Ohio 2008); *Whalen v. Randle*, 37 Fed. App'x 113, 118 (6th Cir. 2002) ("tolling only occurs for that period of time while the Rule 26(B) application is pending in the Ohio courts").

Because, as explained below, Petitioner Garner's motion is untimely even if the statute of limitations is tolled during the pendency of the motion to reconsider, this Court will assume without deciding that a motion for reconsideration does toll the AEDPA statute of limitations. However, such a motion does not restart the limitations period, but merely extends it for the period of time that the motion is pending. *DiCenzi*, 452 F.3d at 496. Therefore, if the Court assumes that Petitioner Garner's motion to reconsider tolled the statute of limitations, then Garner had one year to file his habeas petition beginning when the Court of Appeals ruled on his motion to reconsider on January 2, 2008. Absent any other tolling, therefore, his AEDPA statute of limitations period would have expired on January 2, 2009.

*2. Motion Seeking Ruling on Supplemental Assignments of Error*

Petitioner Garner field a motion seeking a ruling on his Supplemental Assignments of Error on February 15, 2008. [Doc. 11-1 at 213.] In denying this motion, the Court found that it was mooted by its January 2 ruling. [Doc. 11-1 at 211] Under Section 2244(d)(2), the limitations period is tolled during the pendency of a *properly filed* motion for post-conviction relief. 28 U.S.C. § 2244(d)(2). The filing of a frivolous motion does not toll the statute of limitations period. A defendant may not utilize a state court's general motion practice to create his own method of seeking post-conviction relief, otherwise he "could bring successive motions seeking to reinstate a denied

Case No. 1:09-CV-874
Gwin, J.

petition ... and thus stave off the running of the AEDPA-proscribed time to file a federal petition virtually in perpetuity." *Draughon v. DeWitt*, 2001 WL 840312 *1 (S.D.Ohio 2001) (quoting *Adeline v. Stinson*, 206 F.3d 249, 252-53 (2d Cir. 2000)); *See also*, *Sudberry v. Warden, Southern Ohio Correctional Facility*, 626 F. Supp. 2d 767, 779-80 (S.D.Ohio 2009) ("[The court] assume[s], without deciding, that respondent may not reassert [a] defense with respect to those grounds for relief, which have already been denied with prejudice [for being meritless.]"). Petitioner Garner's motion for a ruling on his supplemental *pro se* brief asked the appellate court to rule on an issue that it had already decided. This motion was not "properly filed" within the meaning of Section 2244(d)(2), and therefore does not toll the AEDPA statute of limitations.

### 3. Writ of Mandamus

The statute of limitations was likewise not tolled when Petitioner Garner pursued a writ of mandamus against the Appellate Court. Courts have refused to extend the tolling provision set forth in 28 U.S.C. § 2244(d)(2) to mandamus petitions seeking to have a state court take action on a matter. *See Baker v. Wolfe*, 2008 WL 4283355, at *3 (S.D. Ohio 2008); *see also Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002). Accordingly, this Court finds that Petitioner Garner's writ of mandamus did not extend his time to file a petition for a writ of habeas corpus.

### 4. Motion for Leave to File Delayed Appeal

As discussed above, Petitioner Garner had forty five days from its November 5, 2007 ruling to appeal the Appellate Court's decision to the Ohio Supreme Court. However, Garner waited a full year before filing his motion for a delayed appeal in December 2008. The Court will assume for the purposes of this Order that the effective date of filing of the Motion for Leave to File a Delayed

Case No. 1:09-CV-874
Gwin, J.

Appeal is December 3, 2008, the earliest date that is stamped on the front of the motion.[2/] As this date is within the AEDPA limitations period, the Court will assume that Garner's Motion for Leave to File a Delayed Appeal tolls the statue of limitations.

However, even assuming that both Garner's Motion for Leave to File a Delayed Appeal and his Motion for Reconsideration toll the AEDPA limitations period, Garner's petition is still untimely. As discussed above, assuming that the Motion for Reconsideration tolls the AEDPA statute of limitations, the limitations period would begin to run on January 2, 2008, the day on which the appellate court denied the motion to reconsider. Therefore, if Garner filed his Motion for Leave to File a Delayed Appeal on December 3, 2008, Garner had 30 days–i.e., from December 3, 2008 until January 2, 2009–remaining in his limitations period at the time he filed this motion. Assuming the AEDPA limitations period was tolled during the pendency of Garner's motion for leave to file a delayed appeal, Garner then had 30 days from the Ohio Supreme Court's denial of that motion in which to timely file his habeas petition. The Ohio Supreme Court denied the motion for leave to file a delayed appeal on February 18, 2009. Therefore, even making all assumptions in Garner's favor, his AEDPA limitations period expired thirty days later on March 20, 2009, nearly a month before he filed his original habeas petition on April 16, 2009.

The Court therefore finds that Garner's habeas petition was untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A). Accordingly, unless one of the provisions enumerated in 28 U.S.C. §§

---

[2/]Although Petitioner dated his motion November 28, 2008, the Ohio appellate court did not receive it until at least December 3, 1008. [Doc. 11-1 at 219-220.] Ohio law deems the date of a motion's receipt–not mailing–to be the date of filing. *See State ex rel. Tyler v. Alexander*, 555 N.E.2d 966, 967-68 (Ohio 1990); *see also Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003). Thus, despite the multiple stamps on the front of the Petitioner's motion, the Court will assume that it was "received" on December 3, 2008, the earliest of the dates stamped, and that this is the effective date on which the motion was filed.

Case No. 1:09-CV-874
Gwin, J.

2244(d)(1)(B)-(D) or equitable tolling applies, Garner's petition must be dismissed as untimely.

B.  28 U.S.C. §§ 2244(d)(1)(B)-(D) Do Not Apply

28 U.S.C. § 2244(d)(1) provides that the AEDPA limitations period runs from the latest of: "(A) the date on which the judgment became final ...; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

Petitioner Garner does not argue that Section 2244(d)(1)(D) applies, and the Court holds that it is not applicable to this case. While Garner does not directly argue that Section 2244(d)(1)(C) applies,[3] he does argue that the Supreme Court's recent ruling in *Arizona v. Gant*, 129 S. Ct. 1710 (2009) and the Ohio Supreme Court's decision in *Ohio v. Cabrales*, 118 Ohio St.3d 54 (2008) excuse his untimely petition. [Doc. 19 at 14-15.] However, Section 2244(d)(1)(C) only applies to rights that are "newly recognized by the [United States] Supreme Court and made retroactively applicable to cases on collateral review." 2244(d)(1)(C). *Gant* is not retroactively applicable to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 305-310 (1989)(explaining that new constitutional rules of criminal procedure are not applicable to cases that have become final unless one of two narrow exceptions applies). *Cabrales* is a decision by the Ohio Supreme Court, not the

---

[3] Garner actually argues that because of this new case law, the Court should apply equitable tolling. [Doc. 19 at 14-15.] As described below, the Sixth Circuit has not held that new case law is a basis for applying equitable tolling. Accordingly, the Court will interpret Garner's argument regarding the new cases as one for the application of Section 2244(d)(1)(C).

Case No. 1:09-CV-874
Gwin, J.

United States Supreme Court. Thus, 2244(d)(1)(C) does not apply to Garner's petition.

Garner argues that he is entitled to "procedural excuse" due to state-created impediments under Section 2244(d)(1)(B). [Doc. 19 at 15-16.] In particular, Garner argues that the state withheld exculpatory evidence, an agreement between the state and Garner's co-defendant; that Garner's state-appointed counsel was ineffective; and that the state denied him access to legal material and/or an adequate law library. [*Id.*] Garner offers no evidence in support of his first claim, the alleged *Brady* violation. Moreover, Garner's second allegation–that his trial and/or appellate counsel was ineffective–is not state-created impediment to filing habeas corpus for the purposes of Section 2244(d)(1)(B). *See Winkfield v. Bagley*, 66 Fed. App'x 578, 582-83 (6th Cir. 2003). Finally, the Sixth Circuit has held that restrictions on prisoner's access to library time and legal materials form no basis for a § 2244(d)(1)(B) claim unless the prison's restrictions amount to an unconstitutional denial of the prisoner's access to the courts. *Maclin v. Robinson*, 74 Fed. App'x 587, 589 (6th Cir. 2003). Garner claims that the prison at which he is incarcerated has no assistant trained in the law available to help prisoners and that he was denied access to legal material while in disciplinary segregation. [Doc. 19 at 16.] Garner offers no authority that such limitations constitute a state-created impediment to his access to the courts, and this Court finds that these limitations do not amount to a constitutional violation under *Bounds v. Smith*, 430 U.S. 817 (1977). Accordingly, the Court finds that there is no basis for Garner's Section 2244(d)(1)(B) claim.

C. Equitable Tolling

Garner also argues that the Court should apply equitable tolling to bring his petition within the AEDPA limitations period. Equitable tolling is used sparingly by federal courts. *Sudberry v. Warden, Southern Ohio Correctional Facility*, 626 F. Supp. 2d 767, 772 (S.D. Ohio 2009) (quoting

Case No. 1:09-CV-874
Gwin, J.

*Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). Typically, equitable tolling applies only when a claimant's failure to meet a legally-mandated deadline arises from circumstances beyond his or her control. Courts are generally much less forgiving when a claimant failed to exercise due diligence in preserving his or her legal rights. *Sudberry*, 626 F. Supp. 2d at 772 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Courts are reluctant to extend the statute of limitations unless there is a compelling equitable consideration. *Sudberry*, 626 F. Supp. 2d at 772-73. The petitioner has the burden of proof of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The Sixth Circuit has found equitable tolling to be appropriate in two circumstances: (1) when the petitioner makes a credible showing of actual innocence; and (2) under the five-factor test established in *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001). *Steward v. Moore*, 555 F. Supp. 2d 858, 870-71 (N.D. Ohio 2008). The Court will consider each of these situations in turn.

*2. Garner's Claim of Actual Innocence*

Petitioner Garner argues that equitable tolling should apply to his case based on actual innocence. [Doc. 19 at 5] Equitable tolling arises in rare circumstances through "credible claims of actual innocence." *Fitts v. Eberlin*, 626 F. Supp. 2d 724, 732 (N.D. Ohio 2009) (quoting *Souter v. Jones*, 395 F.3d 577, 600 (6th Cir. 2005). In these cases, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). To establish a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). After considering all the old and new

-14-

Case No. 1:09-CV-874
Gwin, J.

evidence, the court decides whether "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Steward*, 555 F. Supp.2d at 878 (quoting *Souter*, 395 F.3d at 602).

In his petition and brief, Garner fails to provide any new evidence of his actual innocence. Instead Garner continues to argue that he is *legally* innocent. Garner claims that "no reasonable jury would have found [him] guilty of the charges and conviction had [he] been allowed to represent himself at trial and [without] the admission of illegally obtained evidence at trial." [Doc. 19 at 5.] He also suggests that the Court of Appeal's failure to review his supplemental assignments of error played a significant role in his conviction. [Doc. 19 at 5.] Additionally, Garner claims that he was convicted based on: a coercive, written statement made without counsel while incarcerated; denial of his motion to suppress illegally obtained evidence; Officer Gerardi's use of perjured testimony; failure of the state to disclose information that could have been used to impeach testimony; withholding an agreement with Garner's co-Defendant in exchange for his assistance in obtaining a false, coercive confession from Garner. [Doc. 19 at 17.] However, these alleged legal errors are insufficient to merit equitable tolling. A petitioner arguing actual innocence must offer new, reliable evidence that supports his claim. *Steward*, 555 F. Supp. 2d at 878. Garner offers no new evidence in his habeas petition or objections. Accordingly, the Court finds that the Petitioner has not made a credible claim of actual innocence and will not apply equitable tolling on this basis.

2. Dunlap *factors*

In determining whether equitable tolling applies absent a valid claim of actual innocence, the Sixth Circuit has identified five factors that a court should consider: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in

-15-

Case No. 1:09-CV-874
Gwin, J.

pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

In Petitioner Garner's Objection to the Magistrate Judge's Report and Recommendation, he does not argue a lack of actual or constructive knowledge of the filing requirement. [Doc. 19.] The Sixth Circuit has held that the AEDPA statute itself gives constructive notice of the one-year statute of limitations and that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen*, 366 F.3d at 403. Accordingly, Garner is not entitled to equitable tolling under either the first, second, or fifth prongs of the *Dunlap* test. *See Fitts*, 636 F. Supp. 2d at 730. Petitioner Garner appears to have missed the deadline based on a lack of due diligence, which is not a basis for applying equitable tolling.

Additionally, Garner argues in his objections that he is entitled to equitable tolling in part because of ineffective assistance of counsel. [Doc. 19 at 17.] However, ineffective assistance of counsel either at trial or on direct appeal is no excuse for failure to diligently pursue federal habeas relief. *Winkfield*, 66 Fed. App'x at 582-83. Finally, "[t]he fourth factor, whether respondent was prejudiced by the delay in filing, is irrelevant here. Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Jurado v. Burt*, 337 F.3d 638, 644-645 (6th Cir. 2003).

Accordingly, the Court finds that equitable tolling is not appropriate in this case either under the five factor test identified in *Dunlap* or pursuant to a claim of actual innocence.

### IV. Conclusion

For the foregoing reasons, the Court finds that Garner's petition is untimely under 28 U.S.C.

Case No. 1:09-CV-874
Gwin, J.

§ 2244(d) and that equitable tolling is not appropriate in this case. The Court therefore **ACCEPTS** the Report and Recommendation of Magistrate Judge Perelman and **DISMISSES** Petitioner Garner's petition for a writ of habeas corpus.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: February 10, 2010          *s/   James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE