UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | | |
|---|---|---|
| SHURMALE L. GARNER, | : | CASE NO. 1:09-CV-00874 |
| Petitioner, | : | |
| vs. | : | ORDER & OPINION |
| | : | [Resolving Doc. Nos. 23, 27] |
| RICH GANSHEIMER, Warden, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Shurmale L. Garner moves this Court "for an order declaring as exhausted Petitioner's constitutional claim for purpose (sic) of review on the merit [of] newly discovered claims." [Doc. 23 at 1.] Respondent, Warden Rich Gansheimer, opposes the motion because, he says, Garner's claims "are exhausted, but this Court cannot review them because Garner's motion is a successive petition under 28 U.S.C. § 2244(b)." [Doc. 27 at 1.] Because the Court agrees that Garner's motion constitutes a successive petition, under 28 U.S.C. § 2244(b), the Court **TRANSFERS** Garner's petition to the United States Court of Appeals for the Sixth Circuit.

On February 10, 2010, this Court denied Garner's petition for a writ of habeas corpus that he filed under 28. U.S.C. § 2254. [Doc. 22.] The Court explained that Garner did not timely his petition to overturn his Ohio drug convictions as required by 28 U.S.C. § 2244(d). [Doc. 21.] On June 18, 2010 and in state court, Garner filed a "motion to vacate and correct void judgment." [Doc. 27-1.] Ohio's Court of Appeals ultimately considered the merits of Garner's claims and found them

Case No. 1:09-CV-874
Gwin, J.

barred by res judicata or not properly before it. [Doc. 27-18.] The Supreme Court of Ohio declined to hear an appeal on December 21, 2011. [Doc. 27-24.]

On August 24, 2012, Garner filed the instant "motion to declare as exhausted" with an attached § 2254 petition. [Docs. 23, 23-1.] Garner appears to argue that this Court may now review his § 2254 petition because § 2254 required him to wait until he had "exhausted the remedies available in the courts of the State" in order to file this petition. He says the Ohio Supreme Court did not deny his collateral attack on the claims he now seeks to raise until December 21, 2011, so § 2254 did not permit him to file the instant petition until that date. [Doc. 23 at 14.]

The petition itself asserts two grounds to relief. First, Garner says that his "separate convictions and sentences on charges of drug trafficking and drug possession . . . violate the double jeopardy clause" of the Fifth Amendment. [Doc. 23-1 at 5.] Second, he appears to say that the jury verdict was not based on a finding of guilt beyond a reasonable doubt on every element as required by the Sixth and Fourteenth Amendments and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). [Doc. 23-1 at 6.]

Before a district court may hear "a successive petition" under 28 U.S.C. § 2254, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In this context, "[t]he 'second or successive petition' phrase is a term of art." *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). It does not apply simply to any numerically second petition.

As a threshold matter, "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 130 S. Ct. 2788, 2797 (2010) . That is, if Petitioner seeks to challenge the same state court judgment that he challenged in a previous § 2254

-2-

Case No. 1:09-CV-874
Gwin, J.

petition, then he must come within an exception to § 2244(b)(3)(A) or else have authorization from the Court of Appeals. *See id.* at 2799 n.11; *see also In re Smith*, 690 F.3d 809, 809-810 (6th Cir. 2012). If the petitioner does attack the same judgment, the Supreme Court has recognized exceptions to § 2244(b)(3)(A)'s authorization requirement only where (1) a petitioner raised claims in a first petition but the district court dismissed them without prejudice, *see Slack*, 529 U.S. at 488; or (2) a petitioner's claim was not yet ripe when he filed his first petition, but also not withheld so as to vex, *see Panetti v. Quarterman*, 551 U.S. 930 (2007), *Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998); *see also In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010), *In re Bowen*, 436 F.3d 699, 705-706 (6th Cir. 2006). Relatedly, "a petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of § 2244(b)—even if it includes claims that could have been included, but were not, in the first petition." *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011) *cert. denied*, 132 S. Ct. 1760 (2012).

This Court denied Garner's earlier petition on the merits as untimely filed. [Doc. 21 at 16-17.] Thus, to file this petition without authorization, Garner must show that his claims were not yet ripe when he filed his earlier petition. He appears to argue that because he filed a motion to vacate his sentence under Ohio's collateral attack statute on June 18, 2010 [Doc. 27-1], the claims raised in that motion were not exhausted until the Ohio Court of appeals denied that motion on December 21, 2011. [Doc. 27-24; Doc. 23 at 14.] He claims "newly discovered error." [Doc. 23 at 2.]

All of this may be so, but "a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d at 704. While the claims may not have been exhausted, they were nonetheless ripe. *See In re Jones*, 652 F.3d at 603 (challenges to events

-3-

Case No. 1:09-CV-874
Gwin, J.

that occurred at trial must be brought in initial petition). Assuming arguendo that Garner's claims would not have been exhausted when he filed his initial petition, this Court could have held them in abeyance. *See* *id.* at 703-04. His failure to raise these claims in his initial petition deprives this Court of jurisdiction to consider them now.

   The proper course, then, is to transfer Garner's motion to Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (per curiam) ("[W]e hold that when ... a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."); 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . .").

   IT IS SO ORDERED.

Dated: January 24, 2013          s/ *James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE